IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANKIE WILLIAM STROUP, JR.**

 **Petitioner,**

v.                  Case No. 2:19cv4
                      (Judge Bailey)

**PATRICK W. RYAN, C.E.O.,**

 **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 14, 2019, the *pro se* Petitioner, Frankie Stroup, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. ECF No. 1. However, because the Petition is not a pre-trial detainee, as more fully discussed below, the undersigned has construed the same as filed pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(11)(b), and LR PL P 2, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### II. Background[1]

On or about April 10, 2012, officers responded to a call of a combative EMS patient who had allegedly taken a pair of scissors, stabbed Ryan Allen Sparks in the head, stolen the 2005 Super Duty Ambulance, and then crashed the vehicle, destroying approximately ninety-four (94) feet of guardrail before colliding with a tree. Officers

---

[1] The information in this section is taken from a Final Order entered in the Petitioner's criminal case filed in the Circuit Court of Nicholas County, West Virginia. See Case No. 12-F-87.

1

arrested the Petitioner on the scene, and he was identified as the suspect who attacked the EMS worker and stole the ambulance.

The Petitioner was indicted on September 11, 2012, on one count of Malicious Wounding and one count of Destruction of Property, and he was arraigned on September 18, 2012. On February 27, 2013, the Petitioner moved the Circuit Court for a psychological evaluation pursuant to West Virginia Code Section 27-6A-1, *et seq*., to determine criminal responsibility at the time of the alleged offense. The Petitioner asserted that might not be criminally responsible by reason of mental illness, mental retardation or addiction. On March 13, 2013, the Circuit Court entered an Agreed Order for Initial Forensic Examinations to Determine Criminal Responsibility. The psychology evaluation was scheduled with Timothy S. Saar, Ph.D.

Dr. Saar tendered his report on or about April 3, 2013, in which he concluded that the Petitioner lacked criminal responsibility. More specifically, Dr. Saar stated, in relevant part:

> At the time in question, Mr. Stroup did as a result of mental disease or defect lack substantial capacity to appreciate the criminality of his conduct and to form his conduct to the requirement of the law. There is significant evidence that if but for his mental health disease the crime would not have occurred. Mental health records indicate that Mr. Stroup suffers from Bipolar Disorder with periods of paranoid delusions and auditory hallucinations. His delusions involve themes of people out to harm or kill him. In addition[,] he was abusing a-PVP which is a newer designer stimulus drug. These types of drugs tend to produce severe psychotic episodes, faster, more intense and longer. Combine this drug effect with Mr. Stroup[s] Bipolar Disorder and it is a mix for disaster….If Mr. Stroup's paranoia, most likely exacerbated by the illegal drugs, was not present on this day, then his actions would not have occurred.

A hearing on Dr. Saar's psychological evaluation was held on April 15, 2013. At that time, the State moved for a second forensic evaluation. The Petitioner did not

object, provided that the evaluator was an independent psychiatrist/psychologist. Subsequently, the court granted the motion and ordered that a second psychological evaluation be performed by Bobby A. Miller, M.D., Forensic Psychiatry PLLC.

On or about June 10, 2013, the Court received Dr. Miller's psychological evaluation of the Petitioner. Dr. Miller concluded that the Petitioner lacked substantial capacity to conform his conduct to the requirements of the law and possessed a mental disease or defect. More specifically, Dr. Miller stated, in relevant part:

> III. With regard to the referral question from a Forensic Psychiatry perspective:
>
> B. It is my opinion that Mr. Stroup's actions at the time of the offense were driven by his psychosis (paranoia) such that he could not discern that his actions were illegal or immoral and he was compelled to act without the ability to conform his actions to the requirements of the law.

On July 31, 2013, the parties appeared for a pre-trial admissibility hearing, at which time the State indicated that it did not contest the Petitioner's assertion that he lacked criminal responsibility at the time of the offenses. Thereafter, by Order entered August 20, 2013, the Court found that on or about April 10, 2012, the Petitioner committed the offense of "Malicious Wounding" and committed the offense of "Destruction of Property. The Court further found that there was no dispute as to the facts underlying the indictment and there was a factual basis whereby the State could prove, and the Petitioner could have otherwise been convicted of the felonies of Malicious Wounding and Destruction of Property as charged in the indictment. However, based on the two psychological evaluations, the Court further found that the Petitioner lacked criminal responsibility due to his mental illness or incapacity. Therefore, the Court entered a directed verdict finding the Petitioner not guilty by reasons of mental

3

illness pursuant to West Virginia Code Section 27-6A-4(e). The Court further found that the maximum sentence the Petitioner could have received for the charged offenses was ten years for Malicious Wounding and ten years for Destruction of Property, for a total maximum sentence of 20 years.

The Court then ordered that upon completion of his sentence in Case No. 09-F-57[2], the Petitioner would be committed to William R. Sharpe, Jr. Hospital in Weston, West Virginia, a mental health facility designated by the West Virginia Department of Health and Human Resources, which it found to be the least restrictive environment available to manage the Petitioner and allow for protection to the public. Finally, the Court ordered that it maintain jurisdiction over the Petitioner for 20 years, beginning on the date that he was transferred to Sharpe Hospital pursuant to the court order. Given credit for the eight days previously served, the end date of the maximum sentence was designated as 20 years from the date of his admission to Sharpe Hospital, less eight days. The Court's jurisdiction was extended by 10 days to allow the prosecuting attorney to institute civil commitment proceedings under Article 5 of Chapter 27 of the West Virginia Code. Thereafter, the Petitioner would be immediately released from the facility if not first civilly committed. As required by statute. The Order also required that the medical director at Sharpe Hospital provide the Court a written, clinical summary of the Petitioner's condition at least annually during the period of the Court's jurisdiction. West Virginia Code Section 27-6A-4.

### III. Standard of Review

---

[2] At the time, the Petitioner was incarcerated at Correctional Center pursuant to charges in Nicholas County Case Number 09-F-57. His next parole hearing was scheduled for August 1, 2014, and his projected release date was December 13, 2015.

Under established local procedure in this judicial district, a careful review has been made of the petition. The review was conducted pursuant to the procedural requirements of 28 U.S.C. § 1915, AEDPA, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Willaims, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr, 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening the Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. Analysis

A § 2254 petition is a proper way to challenge custody because of a state judgment following a verdict of not guilty by reason of insanity. See, Flowers v. Leean, 215 F.3rd 1331 (7th Cir.) (TABLE, text in 2000 WL 554518), cert. denied, 531 U.S. 866 (2000);

> But a conviction or criminal sentence is not a prerequisite to § 2254 relief. Rather, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A person who is confined in a mental institution as a result of a judgment of not

5

>guilty by reason of insanity or as a result of any other judicial or administrative order is "in custody" for purposes of § 2254. 1 James S. Liebman & Brandy Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE 8.2 (d), at 341 (3d ed. 1998); see, e.g., Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994); Kolocotronis v. Holcomb, 925 F.2d 278, 279 (8th Cir. 1991). Cf. Nelson v. Murphy, 44 F.3d 497, 499 (7th Cir. 1995) (plaintiffs who were committed to a mental health facility after finding of not guilty by reason of insanity property brought action under section 1983, not 2254, where they were challenging conditions of confinement).

2000 WL 554518. *1.

In support of his petition, the Petitioner alleges that he has been unlawfully detained in a mental hospital for over three years. The Petitioner acknowledges that he pled not guilty by reason of mental illness. However, he argues that he arrived at the hospital in December of 2015 and has exhibited no signs of mental illness or dangerousness in the years thereafter. For relief, the Petitioner requests that the Court order his release from the mental hospital and the termination of his jurisdiction.

The Petitioner is not in custody pursuant to a state criminal judgment of conviction because he was acquitted and was not sentenced on the criminal charge. There is no criminal judgment of conviction. Instead, he is custody pursuant to an order of commitment to the Department of Health and Human Resources. Therefore, to the extent that the Petitioner is attempting to challenge defects in the original criminal charges they are immaterial to his current custody, and he fails to state claim upon which habeas relief may be granted.

Furthermore, to the extent that the Petitioner is challenging his continued confinement to a mental institution, the petition should be dismissed for failure to exhaust state court remedies. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." 28 U.S.C. §§ 2254(b)(1), (c).

O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). The Petitioner acknowledges that he has not presented his "grounds" to any other court. Furthermore, records from the Circuit Court of Nicholas County and the West Virginia Supreme Court establish that the Petitioner has not filed any action challenging his continued placement with the Department of Health and Human Resources.

### V.   Recommendation

For the reasons set forth above, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE**, preserving the Petitioner's right to renew the same following proper exhaustion of state remedies. It Is further recommended that the Petitioner's Motion to Appoint Counsel [ECF No. 2] be **DENIED AS MOOT**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

7

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

    This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

    The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 10, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE